UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Alan Greenberg<br>311 Peneree Terrace<br>Bala Cynwyd, PA 19004 | : | |
| Plaintiff, | : | Civil Action No.: |
| v. | : | |
| Caesars Entertainment Corp.<br>d/b/a Harrah's Philadelphia<br>777 Harrah's Blvd.<br>Chester, PA 19013 | : | |
| And | : | |
| Michael Gaines, individually in his capacity<br>As Corporal for the Pennsylvania State<br>Police<br>1800 Elmerton Ave.<br>Harrisburg, PA 17110 | : | **JURY TRIAL DEMANDED** |
| And | : | |
| William Shores, individually in his capacity<br>As Trooper for the Pennsylvania State<br>Police<br>1800 Elmerton Ave.<br>Harrisburg, PA 17110 | : | |
| And | : | |
| John Does 1-10 | : | |
| Defendants. | : | |

## CIVIL ACTION COMPLAINT

### I.  Jurisdiction and Venue

1.  Jurisdiction in this Honorable Court is based on federal question by 28 U.S.C. §§1331; supplemental jurisdiction over state law claims is granted by 28 USC §1367.

2. Venue lies in this district in that the events giving rise to this claim occurred here, at least one (1) Defendant resides, maintains a principal place of business, and/or does business here, and/or the property which is the subject of this action is situated within this district.

### II. Parties

3. Plaintiff, Alan Greenberg, is an adult individual, currently residing at the above captioned address.

4. Defendant, Caesars Entertainment Corp., doing business as Harrah's Philadelphia ("Harrah's") is a corporation by virtue of the laws of the State of Nevada, doing business at the above-captioned address.

5. Defendant, Michael Gaines, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of Pennsylvania State Police, in his capacity as corporal, acting under color of State law.

6. Defendant, William Shores, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of Pennsylvania State Police, in his capacity as trooper, acting under color of State law.

7. Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom. Each of these parties are incorporated as Defendants in each and every count and averment listed above and below. Upon information and belief, Defendants, John Does, were agents, servants, workmen, or employees of Co-Defendant, liable to Plaintiff hereunder.

### III.  Operative Facts

8. On or about December 6, 2012, Plaintiff was playing poker at Defendant, Harrah's when Harrah's employee, Defendant, John Doe, asked to speak with Plaintiff.

9. The Harrah's employee asked if Plaintiff had played poker the night before and then stated that Plaintiff was overpaid by $100 the previous night.

10. Plaintiff denied owing the money and asked to see video evidence.

11. The Harrah's employee responded by saying the only way Plaintiff could see Harrah's video was with a subpoena. Then, the Harrah's employee told Plaintiff to remain where he was so she could call Defendants, Pennsylvania State Police, Michael Gaines and William Shores and have Plaintiff arrested.

12. Plaintiff returned to his poker table and continued to play.

13. Approximately 30 minutes later, two (2) Pennsylvania State Police troopers, Gaines and Shores, wearing plain clothes, approached Plaintiff and showed Plaintiff their badges.

14. The troopers asked Plaintiff if he would re-pay Harrah's $100 – Plaintiff again denied being overpaid.

15. One (1) trooper then told Plaintiff he had 10 seconds to either pay or go to jail.

16. Plaintiff continued to try to explain when the trooper told Plaintiff to "turn around" (implying he was now being arrested).

17. Under duress, Plaintiff agreed to pay Harrah's $100. Plaintiff felt humiliated and violated.

18. The conduct of Defendants was part of a custom, policy and/or practice and these customs, policies or practices caused the violations of Plaintiff's rights. Upon information and belief, specifically, Defendants act like debt collectors and threaten arrest towards repayment

without investigating amounts purportedly owed, under color State law, including by and through a failure to train, supervise, and otherwise abide due process and the law.

19. Plaintiff suffered financial loss and embarrassment as a result of Defendants' conduct.

### IV. Causes of Action

### COUNT I
### 42 U.S.C. § 1983, et seq., THROUGH U.S. CONSTITUTIONAL AMENDMENTS IV and XIV
### (Substantive and Procedural Due Process)

20. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if fully set forth at length herein.

21. Defendants threatened arrest towards repayment without investigating amounts purportedly owed.

22. To perpetuate their misconduct, Defendants clothed themselves with color of state authority through the use of the Pennsylvania State Police.

23. Defendants' willful, reckless and malicious actions were made in an effort to deprive Plaintiff of his rights as set forth above and pursuant to U.S. Const. Amends. IV and XIV, and state law.

### COUNT II
### *Monell*
### (Id.)

24. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if fully set forth at length herein.

25. Prior to the events described herein, Defendants developed and maintained policies, practices, procedures and customs exhibiting deliberate indifference to the Constitutional rights of persons, which caused violations of Plaintiff's constitutional and other rights.

26. The above described acts or omissions by Defendants, demonstrated a deliberate indifference to the rights of citizens, such as Plaintiff, and were the cause of the violations of Plaintiff's rights as set forth herein.

27. Plaintiff suffered harm due to Defendants' conduct.

## COUNT III
## FAIR CREDIT EXTENSION UNIFORMITY ACT ("FCEUA")

28. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

29. Defendants are "debt collectors" as defined by 73 P.S. § 2270.3, attempting to collect a debt as defined by 73 P.S. § 2270.3.

30. Defendants' conduct violated the FCEUA by conspiring to and contacting Plaintiff without lawful ability to collect. 73 P.S. § 2270.4(b)(5)(viii).

## COUNT IV
## CONSPIRACY/AIDING AND ABETTING/ACTING IN CONCERT

31. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

32. The actions of Defendants constituted a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose.

33. Defendants committed overt acts in furtherance of their agreement by knowingly conspiring to unfairly and deceptively threaten arrest towards repayment without investigating amounts purportedly owed.

34. The aforesaid conduct of Defendants proximately caused Plaintiff's damages as set forth herein.

## COUNT V
## VIOLATION OF EQUAL PROTECTION

35. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

36. Defendants' actions stated above were committed under color of state law and were violations of Plaintiff's clearly established and well-settled Constitutional and other civil rights, as well as state law.

## COUNT VI
## 42 U.S.C. § 1985, et seq., THROUGH U.S. CONSTITUTIONAL AMENDMENTS IV and XIV

37. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if fully set forth at length herein.

38. Defendants conspired to deny Plaintiff equal protection of the law.

39. Defendants' willful, reckless and malicious actions were made in an effort to deprive Plaintiff of his rights as set forth above and pursuant to U.S. Const. Amends. IV and XIV, and state law.

## COUNT VII
## FALSE ARREST

40. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if fully set forth at length herein.

41. Defendants lacked probable cause to arrest Plaintiff.

42. Plaintiff had not committed any infraction or otherwise to legally justify his arrest by Defendants.

43. Defendants intentionally arrested Plaintiff for a purpose other than bringing Plaintiff to justice.

44. Defendants caused Plaintiff to suffer false arrest by their wrongful conduct all in violation of the Fourth and Fourteenth Amendments of the United States Constitution, actionable through 42 U.S.C. §1983, et seq., and State law.

## COUNT VIII
## WRONGFUL SEARCH AND SEIZURE

45. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if fully set forth at length herein.

46. Defendants lacked probable cause to arrest Plaintiff.

47. Plaintiff had not committed any infraction or otherwise to legally justify his arrest by Defendants.

48. Defendants intentionally arrested Plaintiff for a purpose other than bringing Plaintiff to justice.

49. Defendants perpetrate an illegal search and seizure in violation of the Fourth and Fourteenth Amendments of the United States Constitution, actionable through 42 U.S.C. §1983, et seq., and State law.

## COUNT IX
## NEGLIGENCE/NEGLIGENT SUPERVISION

50. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

51. As a direct result of Defendants' intentional, negligent, careless, and/or reckless misconduct, as described herein, Defendants caused Plaintiff to be personally and financially damaged and/or injured, all of which may be permanent, ongoing and/or an aggravation of a pre-existing condition(s), including, but not limited to:

    a. humiliation, embarrassment, emotional distress, inconvenience and annoyance;

b. financial and/or personal injury;

c. attorneys fees, expenses and costs;

d. such other and further injury as may be revealed through continuing discovery and/or at trial.

## V. Prayer for Relief

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendants, individually, jointly and/or severally, in an amount in excess of $75,000.00, including:

a. Compensatory, statutory, and punitive damages;

b. Attorneys' fees, costs and interest; and

c. Injunctive relief, including monitoring and training;

d. Such other and further relief as this Court may deem proper.

WEISBERG LAW

_____
Matthew B. Weisberg, Esquire
David A. Berlin, Esquire
Attorneys for Plaintiff