IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALAN GREENBERG : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 14-4796 |
| CAESARS ENTERTAINMENT : | |
| CORP., ET AL. : | |

**SURRICK, J.**                                                                                    **FEBRUARY  2 , 2015**

## MEMORANDUM

Presently before the Court is the Commonwealth Defendants' Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 14).  For the following reasons, the Commonwealth Defendants' Motion will be granted in part, and denied in part.

I.    BACKGROUND

   A.    Factual Background[1]

Plaintiff Alan Greenberg brings this Section 1983 action against Defendants Chester Downs and Marina, LLC d/b/a Harrah's Philadelphia ("Harrah's"), Corporal Michael Gaines, and Trooper William Shores (referred to as the "Commonwealth Defendants"), both employed by the Pennsylvania State Police Department.[2]  (Am. Compl. ¶¶ 3-6, ECF No. 13.)

Plaintiff's Amended Complaint alleges that on December 6, 2012, Plaintiff was playing poker at Harrah's.  (*Id*. ¶ 8.)  A female Harrah's employee approached Plaintiff and asked whether he had played poker on the prior night.  (*Id*. ¶¶ 8, 9.)  The Harrah's employee accused Plaintiff of being overpaid $100.00 and demanded repayment.  (*Id*.)  Plaintiff denied owing

---

[1]  **When considering a Rule 12(b) motion to dismiss, we must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party."** *Rocks v. City of Phila*., **868 F.2d 644, 645 (3d Cir. 1989) (citation omitted).**

[2]  Plaintiff also names as Defendants John Does 1-10.  (Am. Compl. ¶ 7.)

money to Harrah's, and requested to see video evidence. (*Id*. ¶ 10.) The Harrah's employee responded that Plaintiff would need a subpoena to view the video evidence. (*Id*. ¶ 11.) The Harrah's employee then advised Plaintiff to remain where he was so that she could call the police and have Plaintiff arrested. (*Id*.) Plaintiff returned to the poker table, and resumed playing poker. (*Id*. ¶ 12.)

Approximately 30 minutes later, State Troopers Gaines and Shores approached Plaintiff at the poker table. The troopers were not in police uniform; however, they showed Plaintiff their badges. (*Id*. ¶ 13.) The troopers requested that Plaintiff re-pay $100 to Harrah's. (*Id*. ¶ 14.) Plaintiff again denied being overpaid. (*Id*.) One of the troopers told Plaintiff that he had ten seconds "to either pay or go to jail." (*Id*. ¶ 15.) Plaintiff attempted to explain that he was not overpaid when the trooper told Plaintiff to "turn around," a command commonly related to handcuffing. (*Id*. ¶ 16.) Plaintiff states that because he felt under duress, he agreed to pay the $100. (*Id*. at ¶ 17.) Plaintiff continues to deny that he owed Harrah's any money, and states that he felt humiliated and violated by this encounter with Defendants. (*Id*.)

**B.     Procedural History**

The First Amended Complaint was filed on October 28, 2014, and asserts the following causes of action: due process violations under the Fourth and Fourteenth Amendments, and state law (Count I); a claim under *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978), against Harrah's (Count II); violations of Pennsylvania's Fair Credit Extension Uniformity Act (FCEUA), 73 Pa. Stat. Ann. § 2270.1 *et seq*., (Count III); conspiracy, aiding and abetting, and acting in concert (Count IV); false arrest under 42 U.S.C. § 1983 and under state law (Count V); and wrongful seizure under § 1983 and under state law (Count VI). Plaintiff's initial complaint was filed on August 15, 2014. (ECF No. 1.) On Sept 24, 2014, Defendants Gaines and Shores

moved to dismiss this complaint. (ECF No. 5.) This motion was dismissed as moot after Plaintiff filed an Amended Complaint. (ECF No. 15.)

On November 13, 2014, Defendants, Corporal Gaines and Trooper Shores, filed the instant Motion to Dismiss. (Defs.' Mot. & Defs.' Br., ECF No. 14.) Defendant Harrah's did not move to dismiss any claims in the Amended Complaint, but instead filed an Answer on November 24, 2014. (ECF No. 17.) On January 13, 2015, Plaintiff filed a Response to the Motion to Dismiss. (Pl.'s Resp., ECF No. 22.)

## II.  LEGAL STANDARD

Under Federal Rule 8(a)(2), "[a] pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). A motion under Rule 12(b)(6), therefore, tests the sufficiency of the complaint against the pleading requirements of Rule 8(a). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). Courts need not accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. at 679. This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the

3

necessary element." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

In determining whether dismissal of the complaint is appropriate, courts use a two-part analysis. *Fowler*, 578 F.3d at 210. First, courts separate the factual and legal elements of the claim and accept all of the complaint's well-pleaded facts as true. *Id*. at 210-11. Next, courts determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'" *Id*. at 211 (quoting *Iqbal*, 556 U.S. at 679). Given the nature of the two-part analysis, "'[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McTernan v. City of York*, 577 F.3d 521, 530 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679) (alteration in original).

### III.  DISCUSSION

The Commonwealth Defendants seek to dismiss: (1) the Fourteenth Amendment substantive due process claim (Count I); (2) the false arrest claim (Count V); (3) the state law claim for conspiracy, aiding and abetting, and acting in concert (Count IV); and (4) the state law claim under the FCEUA (Count III). (Defs.' Mot. 3.)

#### A.  **Substantive Due Process under § 1983**

In Count I, Plaintiff asserts § 1983 claims for procedural and substantive due process pursuant to the Fourteenth Amendment.  The Commonwealth Defendants seek to dismiss the substantive due process claim, arguing that a more specific constitutional provision covers the claim—specifically, the Fourth Amendment.  The Commonwealth Defendants do not seek dismissal of the procedural due process claim.

In support of their argument to dismiss the substantive due process claim, the Commonwealth Defendants rely on the "explicit textual source rule."  In *Albright v. Oliver*, 510 U.S. 266 (1994), the Supreme Court held that "[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process [through the Fourteenth Amendment], must be the guide for analyzing these claims.'"  *Id*. at 273 (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)); *see also Berg v. Cnty. of Allegheny*, 219 F.3d 261, 268 (3d Cir. 2000) ("[W]hen government behavior is governed by a specific constitutional amendment, due process analysis is inappropriate.").

Here, the Fourth Amendment provides the source of constitutional protection.  Plaintiff asserts in Count I that Defendants used the color of state law to threaten Plaintiff with arrest.  This sounds in the Fourth Amendment's proscription against unreasonable searches and seizures.  *See Brown v. SEPTA*, 539 F. App'x 25, 27 (3d Cir. 2013) ("A fourth Amendment seizure occurs when someone is detained by means intentionally applied to terminate his freedom of movement.") (internal quotation marks omitted).   The substantive due process clause of the Fourteenth Amendment is not an appropriate source for wrongful seizure claims or false arrest claims.  *See Ulitchney v. Ruzicki*, 412 F. App'x 447, 452 n.7 (3d Cir. 2011) (noting that the plaintiff's unlawful seizure claim is more properly analyzed under the Fourth Amendment, and not the Fourteenth Amendment); *Graham Moyer v. Borough of N. Wales*, No. 00-1092, 2000 U.S. Dist. LEXIS 16082, at *9 (E.D. Pa. Nov. 7, 2000) ("Substantive due process does not support a claim for malicious prosecution or false arrest.").  Plaintiff's substantive due process claim will be dismissed against the Commonwealth Defendants.[3]

---

[3] Although we dismiss the substantive due process claim, Plaintiff's Fourth Amendment rights are nevertheless protected.  Plaintiff asserts a false arrest claim in Count V and a wrongful

### B. False Arrest under § 1983

The Commonwealth Defendants also move to dismiss Count V of the Amended Complaint, which asserts a false arrest claim under § 1983. Defendants argue that because Plaintiff was not actually arrested, he cannot make out one of the essential elements of a false arrest claim. In order to state a claim for false arrest, Plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was lacking in probable cause. *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012).

Plaintiff alleges that although he was not formally arrested, his false arrest claim may nevertheless proceed since his movement was restricted during the encounter with the state troopers. Absent a formal arrest, a plaintiff may prevail on a false arrest claim to the extent that the facts establish "a restraint on freedom of movement of the degree associated with a formal arrest." *Colbert v. Angstadt*, 169 F. Supp. 2d 352, 359 (E.D. Pa. 2001) (citation omitted); *see also United States v. Lampkin*, 464 F.2d 1093, 1095 (3d Cir. 1972). Plaintiff alleges that one of the state troopers told Plaintiff that he had 10 second to pay $100 to the Casino or else he would go to jail. When Plaintiff attempted to explain that he was not overpaid, the trooper told Plaintiff to "turn around," implying that he was being arrested. (Am. Compl. ¶¶ 15-16.) Viewing the facts in the light most favorable to Plaintiff, and resolving all inferences in Plaintiff's favor, we are satisfied that Plaintiff has stated a plausible claim for false arrest at this juncture. The Commonwealth Defendants' Motion will be denied with respect to Count V.

### C. State Law Claims

Finally, Defendants contend that the doctrine of sovereign immunity requires the dismissal of Plaintiff's state claims asserted against them. Plaintiff asserts two claims that are

---

seizure claim in Count VI, both under the Fourth Amendment.

6

grounded exclusively in state law.  Count III asserts a claim under FCEUA.  Count IV asserts a claim for conspiracy, aiding and abetting, and acting in concert.

Pursuant to the Sovereign Immunity Act, the Commonwealth and its officials and employees, acting within the scope of their duties, are immune from suit unless the immunity is specifically waived by the General Assembly.  1 Pa. Con. Stat. § 2310.[4]  The General Assembly has waived sovereign immunity in nine categories of actions.  *See* 42 Pa. Stat. Ann. § 8522(b).  These categories include:  vehicle liability; medical-professional liability; care, custody and control of personal property; Commonwealth real estate, highways and sidewalks; potholes and other dangerous conditions; care, custody or control of animals; liquor store sales; National Guard activities; and toxoids and vaccines.  42 Pa. Stat. Ann. § 8522(b).

Plaintiff argues that sovereign immunity does not apply here since Plaintiff's state claims are not tort claims, but are claims that arise under statute or common law.  We reject Plaintiff's argument.  "Generally, suits against the Commonwealth are not permissible."  *Dep't of Pub. Welfare v. Schultz*, 855 A.2d 753, 754 (Pa. 2004).  The Act does not carve out exceptions to the immunity for statutory or common law claims.  The only exceptions are the nine specific categories of actions noted in the Act.  *Id*.  Under the Act, a "Commonwealth party is not liable unless 1) the alleged act of the Commonwealth party is a negligent act for which damages would be recoverable under the common law or by statute, 42 Pa. Con. Stat. § 8522(a), and 2) the act of the Commonwealth party falls within one of the exceptions listed in 42 Pa. Con. Stat. § 8522(b)."  *Crockett v. Edinboro Univ*., 811 A.2d 1094, 1095-96 (Pa. Commw. Ct. 2002); *see also Thomas v. Cianfrani*, No. 01-3096, 2009 U.S. Dist. LEXIS 52128, at *11-12 (E.D. Pa. June

---

[4]   Section 2310 states, in relevant part that "the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity."  1 Pa. Con. Stat. § 2310.

17, 2009) (noting that the limitations to governmental immunity are limited to claims of negligence).

In the claim for civil conspiracy in Count IV, Plaintiff alleges that Defendants knowingly and purposefully joined an agreement to unfairly threaten the arrest of Plaintiff.  (Am. Compl. ¶¶ 32-33.)  Plaintiff does not allege that the Commonwealth Defendants acted negligently in Count IV.  Plaintiff's claim for civil conspiracy is therefore barred by sovereign immunity.  *See Ickes v. Grassmeyer*, No. 13-208, 2014 U.S. Dist. LEXIS 89935, at *70-71 (W.D. Pa. July 2, 2014) (dismissing civil conspiracy claim against state troopers under sovereign immunity doctrine); *Cindrich v. Fisher*, 512 F. Supp. 2d 396, 399 (W.D. Pa. 2006) (noting that "immunity has been waived in only nine narrow areas [ ], none of which include claims for . . . civil conspiracy").

In Count III, Plaintiff alleges that Defendants violated the FCEUA by attempting to collect a debt from Plaintiff.  (Am. Compl. ¶¶ 28-30.)  The FCEUA claim is based on intentional conduct, not negligent conduct.  Therefore, the limitations contained in the Act do not apply. *See Crocke*t, 811 A.3d at 1095-96 (holding that sovereign immunity barred statutory claims against commonwealth defendants for unfair debt collection practices where the conduct alleged was intentional, not negligent); *see also Cianfrani*, 2009 U.S. Dist. LEXIS 52128, at *11-12 (finding that intentional tort claims and constitutional claims were barred under the Act).

**IV.   CONCLUSION**

For the foregoing reasons, the Commonwealth Defendants' Motion to Dismiss Plaintiff's Amended Complaint will be granted in part, and denied in part. Defendants' Motion will be granted with respect to the substantive due process claim in Count I, the claim under the FCEUA in Count III, and the civil conspiracy claim in Count IV. Defendants' Motion will be denied with respect to the false arrest claim in Count V. An appropriate Order follows.

BY THE COURT:


R. Barclay Surrick
R. BARCLAY SURRICK, J.