IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ALAN GREENBERG            :
                                :          CIVIL ACTION
     v.                   :
                                :          NO. 14-4796
CAESARS ENTERTAINMENT    :
CORP., ET AL.               :

**<u>MEMORANDUM</u>**

**SURRICK, J.**                                               **MAY _5_ , 2015**

      Plaintiff Alan Greenberg files this Motion for Partial Reconsideration (ECF No. 25),

requesting the Court to reconsider its Order entered on February 2, 2015, which granted

Defendant Caesars Entertainment Corp.'s Motion to dismiss Plaintiff's state law claims against

the individual Commonwealth Defendants on the basis of sovereign immunity.  For the

following reasons, Plaintiff's Motion will be denied.

**I.**        **BACKGROUND[1]**

      Plaintiff Alan Greenberg filed a complaint against Defendants Chester Downs and

Marina, LLC d/b/a Harrah's Philadelphia ("Harrah's"), and two Pennsylvania State Troopers,

Michael Gaines and William Shores (the "Commonwealth Defendants"), relating to an incident

that occurred when Plaintiff was playing poker at Harrah's on December 6, 2012.  Plaintiff

alleges that he was falsely accused of being overpaid $100 by Harrah's, threatened that he would

be jailed if he didn't return the money, and unlawfully detained by the Commonwealth

Defendants and agents of Harrah's, working in concert.  *See Greenberg v. Caesars Entm't Corp.*,

No. 14-4796, 2015 U.S. Dist. LEXIS 12350, at *2-3 (E.D. Pa. Feb. 2, 2015).  Feeling under

---

[1] A more detailed factual background can be found in the Court's February 2, 2015
Memorandum and Order granting in part and denying in part Defendants' motions to dismiss.
(ECF Nos. 22, 23.)

duress, Plaintiff paid $100 to the Commonwealth Defendants, and later brought this lawsuit.  *Id.* at *3.  Plaintiff asserted the following claims against the Commonwealth Defendants:  due process violations under the Fourth and Fourteenth Amendments, and state law (Count I); violations of Pennsylvania's Fair Credit Extension Uniformity Act ("FCEUA"), 73 Pa. Stat. Ann. § 2270.1 *et seq*., (Count III); conspiracy, aiding and abetting, and acting in concert (Count IV); false arrest under 42 U.S.C. § 1983 and under state law (Count V); and wrongful seizure under § 1983 and under state law (Count VI).

On February 2, 2015, we dismissed as against the Commonwealth Defendants the substantive due process claim, the claim under the FCEUA, and the civil conspiracy claim.  *See Greenberg*, 2015 U.S. Dist. LEXIS 12350, at *9-11.

On February 17, 2015, Plaintiff filed this Motion to Reconsider the Court's February 2, 2015 Order dismissing certain of Plaintiff's claims.  (Pl.'s Mot., ECF No. 25.)  On February 18, 2015, the Commonwealth Defendants responded to the Motion.  (Defs.' Resp., ECF No. 26.)

## II.    LEGAL STANDARD

A party is entitled to have a court reconsider a judgment in the following circumstances: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  *Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co*., 52 F.3d 1194, 1218 (3d Cir. 1995)); s*ee also Interdigital Commc'ns, Corp. v. Fed. Ins. Co*., 403 F. Supp. 2d 391, 392 (E.D. Pa. 2005).  Motions to reconsider will only be granted for "compelling reasons . . . not for addressing arguments that a party should have raised earlier."  *United States v. Dupree*, 617 F.3d 724, 732 (3d Cir. 2010) (internal quotations omitted).

"A motion to reconsider judgment is not a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Gavaghan v. Said*, No. 12-3689, 2013 U.S. Dist. LEXIS 94073, at *3 (E.D. Pa. July 3, 2013) (internal quotation marks omitted); *see also Mash v. Twp. of Haverford Dep't of Codes Enforcement*, No. 06-4479, 2007 U.S. Dist. LEXIS 67265, at *8 (E.D. Pa. Sept. 11, 2007) ("It is improper on a motion for reconsideration to ask the court to rethink what it has already thought through—rightly or wrongly.") (citations omitted).

## III.    DISCUSSION

Plaintiff requests that the Court reconsider its February 2, 2015 Order dismissing Plaintiff's state law claims against the Commonwealth Defendants.  The Court determined that Plaintiff's statutory state law claims under the FCEUA, and his common law claims for conspiracy, aiding and abetting, and acting in concert, were barred by the doctrine of sovereign immunity.  Plaintiff's Motion is difficult to understand.  We presume that he argues that the Court erred in concluding that sovereign immunity shields the Commonwealth Defendants from claims based on intentional conduct.[2]  In other words, Plaintiff seems to argue that when Commonwealth officials are sued in their individual and not official capacity, claims based on intentional conduct—whether statutory or common law—are exempted from the sovereign

---

[2] Plaintiff inartfully states as follows:

Respectfully requesting reconsideration, Plaintiff suggests this Court manifestly erred in said dismissal secondary to this Court holding that because the state law claims sounded in intentional conduct and not negligence that sovereign immunity bars those claims for there did not exist a sovereign immunity negligence exception.  On the contrary, immunity governs negligence for Defendants in their official capacity—not intentional/statutory misconduct for Defendants in their individual capacity.

(Pl.'s Mot. ¶ 4.)

immunity doctrine.  Plaintiff is simply wrong.  His argument reveals a misunderstanding about sovereign immunity.

The sovereign immunity doctrine derives from Pennsylvania statute, 1 Pa. Cons. Stat. § 2310, which provides as follows:

> Pursuant to section 11 of Article 1 of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity.

1 Pa. Cons. Stat. § 2310.

The statute does not distinguish between claims sounding in intentional conduct and claims sounding in negligence.  Instead, Section 2310 shields the Commonwealth and its officials acting within the scope of their duties from any and all claims asserted against them, except for claims that have been specifically waived by the General Assembly.

The General Assembly has waived the immunity of the Commonwealth and its officials in nine narrow categories of negligence actions.  Statutory waiver states that "[t]he General Assembly . . . does hereby waive, in the [nine] instances set forth in subsection (b) only . . . sovereign immunity as a bar to an action against Commonwealth parties, for damages arising *out of a negligent act* where the damages would be recoverable under the common law or a statute creating a cause of action . . . ."  42 Pa. Cons. Stat. § 8522(a).  The Nine categories of negligence claims where immunity has been waived are:  vehicle liability, medical-professional liability; care, custody and control of personal property; Commonwealth real estate; highways and sidewalks; potholes and other dangerous conditions; care, custody or control of animals; liquor store sales; National Guard activities; and toxoids and vaccines.  42 Pa. Cons. Stat. § 8522(b).

4

These nine exceptions to the "absolute rule of immunity are to be narrowly interpreted." *Moore v. Commonwealth, Dep't of Justice*, 538 A.2d 111, 113 (Pa. Commw. Ct. 1988).

Nothing in the Sovereign Immunity Act can be construed as a waiver of claims based on intentional conduct.  State and federal cases in Pennsylvania overwhelmingly conclude that the Commonwealth and its officials are immune from claims based on intentional conduct when the officials were acting within the scope of their duties.  *See, e.g.*, *Faust v. Dep't of Revenue*, 592 A.2d 835, 839 (Pa. Commw. Ct. 1991) (holding that intentional torts and civil rights actions are not within the narrow exceptions to sovereign immunity of Commonwealth and its officials); *Litzenberger v. Vanim*, No. 01-5454, 2002 U.S. Dist. LEXIS 13843, at *14-15 (E.D. Pa. July 31, 2002) (concluding that state troopers enjoyed sovereign immunity against intentional tort claims because claims were not excluded by 1 Pa. Cons. Stat. Ann. § 2310 and 42 Pa. Con. Stat. Ann. § 8522); *La Frankie v. Miklich*, 618 A.2d 1145, 1149 (Pa. Commw. Ct. 1992) (holding that sovereign immunity is not waived for claims based on willful misconduct); *Story v. Mechling*, 214 F. App'x 161, 163-64 (3d Cir. 2007); *Dill v. Oslick*, No. 97-6753, 1999 U.S. Dist. LEXIS 10746, at *11 (E.D. Pa. July 19, 1999) ("Unlike employees of municipal agencies who remain liable for intentional torts, employees of Commonwealth agencies are immune from liability even for intentional torts.") (internal citation omitted).

Plaintiff contends that his state law claims are asserted against the Commonwealth Defendants in their individual, not official capacity.  However, "[s]overeign immunity applies to claims advanced against Commonwealth employees in both their official and their individual capacities."  *Maples v. Boyd*, No. 03-6325, 2004 U.S. Dist. LEXIS 15988, at *25 (E.D. Pa. Aug. 9, 2004); *Maute v. Frank*, 657 A.2d 985, 986 (Pa. Super. Ct. 1995) ("To the extent that appellant seeks redress against [the Commonwealth officials] in their individual capacity and requests

5

monetary damages against them individually, sovereign immunity does apply."); *Larson v. State Emps.' Ret. Sys.*, 553 F. Supp. 2d 403, 420 (M.D. Pa. 2008) (citing *Maute*, 657 A.2d at 986); *Dill*, 1999 U.S. Dist. LEXIS 10746, at *11.[3]

Plaintiff asserts that the Court failed to consider the cases that he cited in his opposition to the Commonwealth Defendants' motion to dismiss.  Initially, we note that the portion of Plaintiff's opposition relating to sovereign immunity spanned two sentences in length, and failed to address the Commonwealth Defendants' sovereign immunity arguments in any meaningful way.  For example, Plaintiff states in his response that "[t]he contention that the political tort claims act provides immunity for state law (statutory and common law) claims against individually named officer defendants is incorrect as a matter of law."  (Pl.'s Opp. Mot. Dismiss 7, ECF No. 22.)  However, the Commonwealth Defendants never raised the Political Subdivision Tort Claims Act ("PSTCA") in their Motion to dismiss because the PSTCA does not apply in this case.  The PSTCA bars suits against *local* municipalities.  In contrast, the Sovereign Immunity Act bars suits against the Commonwealth and its officials.  Plaintiff brings suit against state troopers, not local municipal police offices.  The PSTCA plays no part in determining whether the state troopers are immune from liability with respect to Plaintiff's state law claims.

Plaintiff's misunderstanding of the applicable immunity statute is also apparent from his reliance on three cases that do not support his argument.  In two of the cases, the court was asked to determine whether qualified immunity was waived under the PSTCA for intentional tort claims asserted against municipal police officers.  *See Basile v. Twp. of Smith*, 752 F. Supp. 2d 643, 668-69 (W.D. Pa. 2010); *Brockington v. City of Phila.*, 354 F. Supp. 2d 563, 571 (E.D. Pa.

---

[3] Plaintiff does not dispute that the Commonwealth Defendants were acting within the scope of their duties during all relevant times.  Even if he had, such an argument would be meritless.  It appears from the face of the Amended Complaint that the Commonwealth Defendants were acting within the scope of their duties.

2005).  Again, these cases involve immunity of municipal officials under the PSTCA, and not

Commonwealth officials under the Sovereign Immunity Act, and are therefore inapposite.  *See*

*Dill*, 1999 U.S. Dist. LEXIS 10746, at *11 (explaining the difference of treatment of intentional

tort claims between municipal employees and Commonwealth employees); *see also Kull v.*

*Guisse*, 81 A.3d 148, 154 n.5 (Pa. Commw. Ct. 2013) (noting that the "willful misconduct

exception in [municipal] governmental immunity has no partner in the Sovereign Immunity

Act").  Finally, the third case Plaintiff cites, *La Frankie*, actually supports dismissal of his state

law claims.  In *La Frankie*, the court held that sovereign immunity bars claims based on

allegations that a Commonwealth official engaged in willful misconduct when the actions were

performed in the scope of one's official duties.  618 A.2d at 1149.  Plaintiff relies on footnote 4

of the court's opinion, which affirms the distinction drawn between Commonwealth employees

and local agency or municipal employees for purposes of immunity.  The footnote states that, in

comparison to Commonwealth employees, "[l]ocal agency employees, however, lose their

immunity defense where their actions constitute a crime, actual fraud, actual malice or willful

misconduct."  *Id*. at 1149 n.4.  Again, Plaintiff is confused about the doctrine of sovereign

immunity as it applies to this case.

IV.   **CONCLUSION**

For these reasons, Plaintiff's Motion to Reconsider will be denied.

An appropriate Order follows.

BY THE COURT:

_____

**R. BARCLAY SURRICK, J.**

7